## Benezet v. Westinghouse Electric Supply Co.

*Steven E. Halpern*, for plaintiff.

*David L. Pennington*, for defendant.

GRIFFITHS, J., December 4, 1962. — This matter comes before the court on defendant's motion to compel plaintiff, Herman Benezet, to answer certain questions propounded to him by deposition concerning the liability aspects of the above-captioned case in trespass.

It is conceded that heretofore defendant's investigator had interviewed plaintiff on this matter and the investigator had reduced to writing the results of this interview. Plaintiff was not requested to, nor did he, sign this memorandum.

Plaintiff, on advice of his counsel at a subsequent deposition, refused to testify about defendant's alleged liability unless he was first supplied with a copy of the investigator's writing. Plaintiff bases his authority for his conditional refusal on the recent case of Davis v. Zazow, 23 D. & C. 2d 143 (1960), and authorities cited therein. The holding of that case is simply that in those situations in which a defendant has a prior statement of plaintiff, it may not thereafter require plaintiff at an oral deposition to answer the same questions without first making available to plaintiff a copy of the statement in question. In support of its holding the court relied, inter alia, on Perkins v. Pitts-

burgh Railways Co., 6 D. & C. 2d 655 (1955), from which we quote somewhat more extensively than did it.

There the court stated, on page 656:

"Plaintiff therefore contends that she should not be required to answer many of the interrogatories here in issue which are designed to elicit the same information obtained by defendant's investigator in procuring plaintiff's statement. The basis for this contention is that under Pa. R. C. P. 4011(a), defendant is seeking discovery in 'bad faith' by not furnishing plaintiff with a copy of her statement as promised her. Plaintiff believes her written and signed statement answers many of the interrogatories defendant now asks the court to sanction plaintiff for refusing to answer.

"The very purpose of rules of discovery is to substantially aid a party with the preparation of the pleadings or the preparation of the trial of the case. It is the opinion of this court that if defendant is seeking answers to the interrogatories in good faith, then there should be no objection to furnishing plaintiff with a copy of her prior written statement. Otherwise, it would appear that defendant's motive is not to obtain aid in the preparation of its case but rather to place plaintiff in an unfavorable tactical position . . ."

We agree with the holding of these two cases, but deem them inapplicable to the question presently before us.

While it is true that if upon the trial of the case plaintiff were to make a statement inconsistent with that told defendant's investigator, the investigator could testify as to any such inconsistency as an admission (an exception to the hearsay rule) the fact that the investigator reduced to writing his recollections of what was said is of no legal significance. The possible tactical disadvantage plaintiff could be put to as a result of his having made an oral statement is considerably less than if he had made a written statement, for

indeed any recollection of what allegedly was said is far less reliable than a written statement by plaintiff. Therefore, defendant's request to take plaintiff's deposition cannot be deemed to be made in bad faith and could substantially aid in the preparation of the pleadings or the preparation or trial of the case.

Nowhere can we find authority for the proposition that the rationale of the cases above cited is applicable to oral statements elicited as a result of a defendant investigator's speaking with a plaintiff, and we believe it should not be so extended.

Wherefore we enter the following

*Order*

And now, this December 4, 1962, defendant's motion for sanctions is granted and plaintiff, Herman Benezet, is directed to appear at the taking of depositions and to answer such questions as may be propounded to him.